**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| STEVEN C. LITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00377-TWP-DLP |
| | ) |
| MY CAR WARRIOR, LLC, | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AS TO COUNT ONE OF THE COMPLAINT**

This matter is before the Court on *pro se* Plaintiff Steven C. Litz's ("Litz"), Motion for Default Judgment as to Count I of his Complaint against Defendant My Car Warrior, LLC ("My Car Warrior") (Dkt. 10). For the reasons set forth below, the Motion For Default Judgment is **granted**.

### I. BACKGROUND

On or about December 14, 2004, Litz registered his telephone number 317-557-2411 with the National Do Not Call Registry, and on January 13, 2006, he also registered the telephone number 317-996-2000. On November 26, 2019, My Car Warrior called Litz and attempted to solicit his business for its extended car warranty program. My Car Warrior used "neighbor spoofing" to display a telephone number as if the call originated from Monrovia, Indiana. (Dkt. 1 at 2, ¶8.) The call was initially made using an artificial or prerecorded voice to deliver an introductory message without Litz's prior express consent. *Id.*

On February 3, 2020, Litz filed this action and perfected service on Defendant My Car Warrior, via certified mail, return receipt on February 15, 2020 (Dkt. 5 at 3). The Complaint contains two counts; Count I alleges violations of 16 C.F.R. 310.4, *et. seq.* ("The Telemarketing

and Consumer Fraud and Abuse Prevention Act") and 47 U.S.C. 227, *et seq* ("The Telephone Consumer Protection Act"). The second count incorporates the allegations contained in Count I into a class action suit on behalf of similarly situated plaintiffs and Litz seeks to be named the class representative. (Dkt. 1 at 2-3.)

My Car Warrior has failed to answer or otherwise respond to the Complaint and the time within which to do so has expired. On April 27, 2020 Litz filed a Verified Motions for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) requesting the Clerk to enter a default judgment against My Car Warrior for failure to respond to his Complaint. (Dkt. 7). A Clerk's default was entered against My Car Warrior on May 14, 2020 (Dkt. 9). Litz subsequently filed a Verified Motion for Default Judgment and requested treble damages in the amount of $1,500.00 on May 21, 2020 (Dkt. 10).

## II.  LEGAL STANDARD

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party by the Court. Fed. R. Civ. P. 55(b). The entry of a clerk's default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* § 55.10[1], at 55-14 (Matthew Bender 3d ed. 2014).

The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d

886, 892 (7th Cir. 2012). Rule 55(b) requires Litz to establish the following for the grant of a default judgment: (1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting parties are neither infants nor incompetent, (4) that the defendants are not in the military services, and (5) that notice has been served on the defaulting party. *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2).

"'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Since My Car Warrior has failed to respond to the allegations against it, all of the well-pleaded factual allegations in the Complaint regarding liability are taken as true.

### III. DISCUSSION

Litz obtained a Clerk's Entry of Default against My Car Warrior on May 14, 2020 (Dkt. 9). In his Motion for Default Judgment, Litz states that to the best of his knowledge, My Car Warrior, a Florida Corporation, is not an infant, in the military service, or incompetent (Dkt. 10 at 1); and nothing in the record points to My Car Warrior being any of these things. My Car Warrior has not shown good cause for its failure to answer or otherwise respond to the Motion; has not shown quick action to correct the default; and has not submitted any defenses to the Court. Litz provided proof that notice was properly served on February 15, 2020 (Dkt. 5 at 3). Accordingly, all of the well-pleaded allegations of the Complaint relating to liability are taken as true.

Under 16 C.F.R. 310.4(b)(1)(iii)(A):

> It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in. . .

3

> [i]nitiating any outbound telephone call to a person when. . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services unless the seller or telemarketer:
>
> (1) Can demonstrate that the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or
>
> (2) Can demonstrate that the seller has an established business relationship with such person, and that person has not stated that he or she does not wish to receive outbound telephone calls under paragraph (b)(1)(iii)(A) of this section.

Litz has pled that he placed both of his telephone numbers on the do-not-call registry in 2004 and 2006. He alleges that either 15 or 13 years later, My Car Warrior subsequently called one of his telephone numbers on November 26, 2019 in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act. Originally, telephone numbers remained on the do-not-call registry for a period of five years. However, numbers are now permanent because of the Do-Not-Call Improvements Act of 2007, effective beginning in 2008. Codified in 15 U.S.C. § 6155. That statute states telephone numbers registered on the national "do-not-call" registry since the establishment of the registry, and telephone numbers registered after March 2003, "shall not be removed from such registry except as provided in subsection (b) or upon the request of the individual to whom the telephone number is assigned." 15 U.S.C. § 6155(a). The statute further explains that the Federal Trade Commission periodically checks the numbers on the registry and removes any that have been disconnected and reassigned to other people. 15 U.S.C. § 6155(b). Thus, both of Litz's telephone numbers would be on the do-not-call registry at the time My Car Warrior called Litz and attempted to solicit his business for its extended car warranty program.

Litz asserts in his Complaint that he had never done business with My Car Warrior prior to the telephone call, did nothing to initiate or otherwise suggest that he wished to receive such a

call, and states by registering his number with the do-not-call registry he demonstrated he wished to not be called. Thus, he argues that My Car Warrior has not, and cannot, demonstrate any written express agreement to place the telephone call, nor that there was any business relationship with Litz. Litz's allegations, taken as true, establish My Car Warrior's liability under 16 C.F.R. 310.4.

Further, 47 U.S.C. § 227 makes it unlawful,

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B). The exemptions listed in paragraph (2)(B) include: calls that are not made for a commercial purpose, and classes or categories of calls made for commercial purposes as the Federal Trade Commission determines will not adversely affect the privacy rights that this section is intended to protect and do not include the transmission of any unsolicited advertisement. My Car Warrior has not, and cannot, make a showing that either of these exemptions apply in this case. Because the allegation that an artificial or prerecorded voice was used to deliver an introductory message without Litz's prior express consent is taken as true, liability has also been established under 47 U.S.C. § 227.

With liability established, the Court turns to the relief requested. Litz seeks enhanced statutory damages, arguing My Car Warrior willfully and/or knowingly violated the Telephone Consumer Protection Act. (Dkt. 10.) Under 47 U.S.C. § 227(b)(3)(B), a person or entity may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater. . . ." Section (b)(3) further states, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations

prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)."

There is no one definition of willfulness. *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994). The United States Supreme Court has held a "willful" violation requires a culpable state of mind, while the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense. *Bryan v. United States*, 524 U.S. 184, 193 (1998). The statute at issue in this case, however, uses the term "or," not "and," and therefore "the intent for treble damages does not require any malicious or wonton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. V. American Home Services, Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

In *Glasser v. Hilton Grand Vacations Co., LLC*, the Eleventh Circuit held that when the Pennsylvania Higher Education Assistance Agency used an artificial or prerecorded message in violation of the Telephone Consumer Protections Act, treble damages were warranted. 948 F.3d 1301, 1313 (11th Cir. 2020). In that case, the defendant and the Agency called each plaintiff, one thirteen times and one thirty-five times, and used a recording each time. *Id.* The Agency admitted the plaintiff it called had contacted their representatives and revoked her consent to be called but, despite this, the Agency kept contacting the plaintiff and playing the recordings. *Id.* The court determined that the Agency "knowingly used prohibited technology to contact someone it knew had revoked her consent. That's a willful violation of the Act." *Id.* In *Lary v. Trinity Physician Financial & Ins. Services*, the Eleventh Circuit denied treble damages to a plaintiff who "failed to allege facts or present evidence to establish that [the defendant] knew they sent a fax to an emergency line or that the advertisement was unsolicited. . . ." 780 F.3d 1101, 1106-07 (11th Cir. 2015).

6

In *Harris v. World Financial Network Nat. Bank*, the court held the plaintiff was also entitled to treble damages for "any prerecorded messages and additional calls placed" after plaintiff informed defendant to stop calling him because they had the wrong number.  867 F.Supp.2d 888, 897 (E.D. Mich. April 3, 2012).  In *Shelton v. Fast Advance Funding, LLC*, the plaintiff brought an action for damages alleging the defendant called his personal cellphone number for a telemarketing purpose despite his number being on the National Do Not Call Registry.  378 F.Supp.3d 356, 357 (E.D. Pa. May 8, 2019).  Fast Advanced admitted Shelton's number had "been successfully registered on the National Do Not Call Registry" since before calling him but still called him twenty-two times.  *Id.* at 363.  The court also found Fast Advanced's violations were knowing and willful because it admitted to lacking any consent or business relationship, that it did not "scrub" the do-not-call registry, and does not purchase the do-not-call list from the Federal Trade Commission.  *Id.*  The court awarded treble damages, totaling $1.500.00 per call.  *Id.*

In *Krakauer v. Dish Network, LLC*, Krakauer also placed himself on the National Do Not Call Registry as well as Dish's individual do-not-call list.  925 F.3d 643, 650 (4th Cir. 2019). Krakauer brought suit against Dish alleging its sales representative, Satellite Systems Network, routinely flouted the prohibition found in 47 U.S.C. § 227.  *Id.* at 648.  He sought to pursue his claim on behalf of all persons who, like him, had received calls on numbers listed in the Do-Not-Call registry.  *Id.*  The Fourth Circuit not only found that Dish violated the Telephone Consumer Protection Act, but also found that treble damages were warranted.  *Id.* at 651.  The court identified two alternative and independent bases for finding Dish's conduct to be willful and knowing:  first, that "a principal is liable for the willful acts of his agent committed within the scope of the agent's actual authority;" and second, that Dish's "actions demonstrated indifference to ongoing violations and a conscious disregard for compliance with the law."  *Id.* at 661-62.  The court cited multiple

lawsuits and enforcement actions brought against Dish for telemarketing activities as well as many occasions on which Dish noted Satellite Systems Network's noncompliance and failure to act. *Id.* at 662. Because of this "willful ignorance," the court determined treble damages were appropriate. *Id.* at 663. "Put simply, the [Telephone Consumer Protection Act] affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 650.

In this case, Litz had placed both of his telephone numbers on the National Do Not Call registry several years ago. At the time of the call in question, My Car Warrior was required to check the registry every thirty-one days and was prohibited from calling any number registered. Either My Car Warrior failed to check the list, or willfully ignored the fact that Litz's number was listed on the registry. Thus, My Car Warrior knew or should have known the advertisement was unsolicited. Even with this information, My Car Warrior still called Litz and knowingly or willfully used an artificial and prerecorded voice to deliver an introductory message when Litz answered the telephone before a woman proceeded to talk to Litz. My Car Warrior also used a "spoofed" telephone number to conceal the call's true origin. The call displayed a telephone number with a prefix from Indiana instead of Florida, presumably in an attempt to make it more likely Litz would answer, instead of the true number the call originated from. This represents an action purposefully done.

The Court finds My Car Warrior violated both 47 U.S.C. § 227 and 16 C.F.R. 310.4. The Court also finds My Car Warrior acted knowingly or willfully as evidenced by the spoofed telephone number. Here, unlike the cases listed above, the violation consisted of a single telephone call. In its discretion, and with the authority granted by § 227, the Court awards Litz damages in the amount of $1,000.00.

## IV. CONCLUSION

For the reasons set forth above, *pro se* Plaintiff Steven C. Litz's Motion for Default Judgment (Dkt. [10]) on Count I of his Complaint against Defendant My Car Warrior, LLC is **GRANTED** and Litz is awarded damages in the amount of $1,000.00. Because the claim in Count II remains pending, the Court will not issue final judgment at this time.

**SO ORDERED.**

Date: 6/30/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven C. Litz
6010 Deerwood Drive
Greenwood, Indiana 46143

My Car Warrior, LLC
c/o Bruce Record, Registered Agent
6285 2nd Avenue, North
St. Petersburg, Florida 33710